NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE: STEPEN BRIAN GATES, JEREMY BLACK,**
*Appellants*

---

2018-2331

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 15/349,668.

---

Decided: October 16, 2019

---

JAMES J. LUKAS, JR., Greenberg Traurig, LLP, Chicago, IL, argued for appellants. Also represented by BENJAMIN GILFORD, GARY R. JAROSIK.

MAI-TRANG DUC DANG, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, argued for appellee Andrei Iancu. Also represented by THOMAS W. KRAUSE, JOSEPH MATAL, BRIAN RACILLA.

---

Before MOORE, REYNA, and STOLL, *Circuit Judges.*

MOORE, *Circuit Judge.*

Stephen Gates and Jeremy Black (collectively, "Gates") appeal from the Patent Trial and Appeal Board's decision affirming the examiner's rejection of all pending claims of

U.S. Patent App. No. 15/349,668.  Because the Board's decision is unsupported by substantial evidence, we *reverse* and *remand.*

BACKGROUND

The '668 application is directed to an integrated hand-held device that can operate in either of two operational modes, e.g., as either a computer mouse or a remote control, depending on the device's proximity to an object surface, e.g., a table.  When the device's sensing mechanism detects that the device has been lifted off the table, it automatically transitions from its first operational mode (computer mouse mode) to its second operational mode (remote control mode).  The device is configured to transmit a signal using one transmission device (e.g., radio frequency) in the first operational mode and a different transmission device (e.g., infrared) in the second operational mode.  The only independent claim, claim 1 is representative:[1]

> 1. A non-transitory, computer readable media having stored thereon instructions for managing a hand-held device having a plurality of input receiving elements, a first command transmission device, a second command transmission device, and a sensor, the instructions, when executed by a processing unit of the hand-held device, performing steps comprising:
>
> > using signals received from the sensor to determine when the hand-held portable device is positioned proximate to an object surface and to determine when the hand-

---

[1]    Because Gates does not separately argue the patentability of claims 2–11, we do not separately address the dependent claims.

held portable device is removed from the object surface; and

causing the hand-held device to automatically transition from a first operational mode to a second operational mode when it is determined from a signal received from the sensor that the hand-held portable device has been moved proximate to the object surface and to automatically transition from the second operational mode back to the first operational mode when it is determined from a signal received from the sensor that the hand-held portable device has been subsequently moved away from the object surface; [2]

wherein, in the first operational mode, the hand-held device is configured to use the first command transmission device when transmitting one or more command communications in response to an activation of one or more of the plurality of input receiving elements and, in the second operational mode, the hand-held device is configured to use the second command transmission device when transmitting one or more command communications in response to an activation of one or more of the plurality of input receiving elements and wherein the first transmission device is different from

---

[2] This limitation is referred to herein as the "Mode-Switching Limitation."

the second command transmission device.[3]

'668 application at Claim 1.

The examiner rejected claims 1 and 10–11 under pre-AIA 35 U.S.C. § 102(a) as anticipated by U.S. Patent Pub. No. 2003/0028688 ("Tiphane") and claims 2–9 under pre-AIA 35 U.S.C. § 103(a) as obvious over Tiphane in view of U.S. Patent No. 6,794,992 ("Rogers") and/or U.S. Patent No. 6,882,334 ("Meyer"). Tiphane discloses a device capable of operating as either a computer mouse or a hand-held presentation device. In a first embodiment, Tiphane discloses "[a]n automatic switching from a first mode (e.g., pointing device mode) to a second mode (e.g., presentation mode) . . . when the device is lifted from the tabletop." J.A. 186 ¶ 28. The device in this first embodiment can be configured to communicate "via a wired connection or alternatively via a wireless connection." J.A. 186 ¶ 34. Tiphane discloses in a second embodiment a combined wired and wireless device. In this second embodiment, the device "switches to a wireless [transmission] device" when it is physically disconnected from the computer, wherein "this shift from a wired to a wireless device, also switches the device from its first or mouse mode, to its second [] or presentation mode." J.A. 187 ¶ 36.

Gates appealed to the Board, arguing that the embodiments in Tiphane are distinct and therefore fail to disclose the limitations as arranged and claimed in the '668 application. The Board affirmed the examiner's rejections, finding that the hand-held device in Tiphane's first and second embodiments have "the 'same mechanical means' for automatically transition[ing] from a second operational mode . . . to a first operational mode." J.A. 6. The Board

---

3   This limitation is referred to herein as the "Wherein Clause."

also found that "Tiphane's paragraph [36] discloses [that] the shift from a wired to a wireless device, also switches the device from its first or mouse mode, to its second" or presentation mode. *Id.* Gates appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

We review the Board's factual findings for substantial evidence and its legal conclusions de novo. *Polaris Indus., Inc. v. Arctic Cat, Inc.*, 882 F.3d 1056, 1064 (Fed. Cir. 2018). Anticipation is a question of fact. *In re Rambus Inc.*, 694 F.3d 42, 46 (Fed. Cir. 2012). A patent claim is anticipated only if each limitation is found within a single prior art reference, "arranged or combined in the same way as in the claim." *Net MoneyIN, Inc. v. VeriSign, Inc.*, 545 F.3d 1359, 1370 (Fed. Cir. 2008). Obviousness is a question of law based on underlying factual findings. *Polaris Indus.*, 882 F.3d at 1064.

Gates argues that Tiphane does not disclose the Mode-Switching Limitation and Wherein Clause in a single embodiment. He contends that Tiphane's second embodiment discloses a specific mechanical means for causing the hand-held device to transition between operational modes—physical disconnection of the device from the computer. According to Gates, Tiphane's second embodiment is limited to that specific mechanical means for transitioning operational modes and does not include the proximity-sensing means disclosed in Tiphane's first embodiment, such that the second embodiment does not disclose the Mode Switching Limitation. He further contends that, even if both embodiments did employ the "same mechanical means" for causing the hand-held device to transition between operational modes, Tiphane's second embodiment still does not meet the Wherein Clause because the hand-held device switches transmission devices independently of its operational mode.

The government responds that Tiphane's embodiments are not mutually exclusive. To the contrary, it contends Tiphane expressly teaches that its features can be combined and that its various embodiments can communicate via either a wireless or a tethered connection. The government argues that a person of ordinary skill in the art would therefore readily envisage an embodiment having all of Tiphane's features in one hand-held device that meets the Wherein Clause.

Substantial evidence does not support the Board's finding that Tiphane discloses a device that would satisfy both the Mode Switching Limitation and the Wherein Clause, arranged as claimed. *See Net MoneyIN*, 545 F.3d at 1370–71. It is undisputed that the Mode Switching Limitation of claim 1 requires a hand-held device capable of switching operational modes in response to a change in the device's proximity to an object surface. The hand-held device must therefore have the mechanical means to switch operational modes based on proximity to a surface. Because the Wherein Clause requires that the hand-held device be configured to use one transmission device in the first operational mode and a different transmission device in the second operational mode, the claimed hand-held device must also be configured to switch transmission devices in response to a change in the hand-held device's proximity to the surface.

The only disclosure of a device in Tiphane that is capable of operating using two transmission devices—the combined wired and wireless device of Tiphane's second embodiment—contemplates switching operational modes only when it is "disconnected from the [computer] bus." J.A. 187 ¶ 36. Nothing in Tiphane indicates that the second embodiment would include the "same mechanical means" as the first embodiment, i.e., a proximity sensor, nor does it indicate how the features of the two embodiments could be combined in a single device. Thus, substantial evidence does not support a finding that the combined

wired and wireless device of Tiphane's second embodiment is capable of automatically switching operational modes in response to a change in the device's proximity to a surface, as is required by the Mode Switching Limitation of claim 1.

Even if the embodiments did employ the "same mechanical means" for switching between the first and second operational modes, Tiphane does not disclose a device that switches transmission devices based on the hand-held device's proximity to a surface. Tiphane discloses only that the transmission device can be switched by physically disconnecting the hand-held device from the computer. J.A. 187 ¶36. It does not disclose a hand-held device capable of switching transmission devices in response to a change in proximity to a surface, as is required by the Mode Switching Limitation and the Wherein Clause, as arranged in claim 1. Because Tiphane does not disclose a single device that has the mechanical means to switch both operational modes and transmission devices in response to a change in proximity to a surface, substantial evidence does not support the Board's finding that Tiphane anticipates claim 1.[4]

## CONCLUSION

Substantial evidence does not support the Board's finding that Tiphane anticipates claim 1. Accordingly, the Board's decision affirming the examiner's anticipation rejection of claims 1, 10–11 is *reversed* and *remanded*. Because the Board's decision to affirm the examiner's obviousness rejection of claims 2–9 is based on its finding

---

[4] Although some of the government's arguments appear to suggest that claim 1 would have been obvious in view of Tiphane's two embodiments, that issue is not before us on appeal. The only rejection made by the examiner and affirmed by the Board with respect to claim 1 is anticipation by a single reference, Tiphane.

that Tiphane discloses every limitation of claim 1, that decision too is *reversed* and *remanded*.

## **REVERSED AND REMANDED**

Costs to Appellants.